UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:21-cr-736-5 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| LUCIAN D. BLACKWELL, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Lucian D. Blackwell ("Blackwell") for bond. (Doc. No. 122.) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 125.) The Court finds that the present motion may be resolved on the record and the parties' written submission. To the extent that Blackwell is requesting a *de novo* review of the magistrate judge's detention order, the Court has reviewed the following:

(1) the superseding indictment (Doc. No. 34);

(2) the pretrial services report (criminal history only) (Doc. No. 42, sealed);

(3) the pretrial services report (Doc. No. 77, sealed);

(4) the magistrate judge's order of detention (Doc. No. 85);

(5) the parties' briefing (Doc. Nos. 122, 125); and

(6) institutional medical records pertaining to Blackwell (Doc. No. 157-1, sealed).

## I. BACKGROUND

On October 14, 2021, an indictment issued charging defendant Damien Roger Marcel Stafford and two other individuals with conspiracy to possess with intent to distribute fentanyl and multiple counts of possession with intent to distribute fentanyl. (Doc. No. 13.) On February 2, 2022, a superseding indictment issued expanding the scope of the drug conspiracy by charging additional controlled substances and drug and weapons-related offenses, and by identifying ten additional drug conspirators. (Doc. No. 34.) Blackwell was one of the individuals charged for the first time in the superseding indictment. He was charged with one count of Conspiracy to Possess with Intent to Distribute Methamphetamine, Fentanyl, Valeryl Fentanyl, and Cocaine, in violation of 21 U.S.C. § 846, and one count of Use of a Communication Facility to Facilitate a Felony Drug Offense, in violation of 21 U.S.C. § 843(b). *Id*.

At Blackwell's arraignment on February 10, 2022, the government moved for detention pending trial. CJA Attorney Gregory S. Robey was appointed to represent Blackwell. (Minutes of Proceedings, 2/10/2022; CJA 20 Appointment of Attorney Gregory S. Robey, 2/10/2022.) At the conclusion of the arraignment, Blackwell was remanded to the custody of the U.S. Marshals and a detention hearing was set. (Minutes of Proceedings, 2/10/2022; Doc. No. 55 (Order).) On February 15, 2022, Magistrate Judge William H. Baughman, Jr. conducted the detention hearing where Blackwell was, again, represented by counsel. (Minutes of Proceedings, 2/15/2022.) At the conclusion of the hearing, the magistrate judge took the matter under advisement.

On February 16, 2022, the magistrate judge granted the government's motion for detention. (Doc. No. 85.) In ordering Blackwell detained pending trial, the magistrate judge determined that a rebuttable presumption arises under 18 U.S.C. § 3142(e)(3) in favor of

2

detention because Blackwell was charged with an offense for which a maximum term of imprisonment of 10 years or more is prescribed under the Controlled Substances Act. (Doc. No. 85 at 2.[1]) Further, while the magistrate judge found that Blackwell had presented sufficient evidence to rebut the presumption, he also determined that the government had demonstrated by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. (*Id*.) Additionally, the magistrate judge found, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure Blackwell's appearance in this matter. (*Id*.)

In reaching these conclusions, the magistrate judge relied on the following: a finding that the weight of evidence against Blackwell was strong, the fact that he was facing a lengthy period of incarceration if convicted, his prior criminal history, his participation in criminal activity while on supervision, his history of violence, his lack of a stable residence or employment, his prior failure to appear in court as ordered, and his prior supervision violations. (*Id*. at 2–3; *see generally* Doc. Nos. 42, 77.) The magistrate judge offered this further explanation:

> No condition or combination of conditions will reasonably assure defendant Lucian D. Blackwell's appearance as required or assure the safety of others and the community. Blackwell presented evidence sufficient to rebut the presumption of detention in this case, primarily through the testimony of his fiancé, Constance Starks, who was an effective witness on his behalf. Nevertheless, while Ms. Starks's testimony may have provided a basis for showing that Blackwell would have a roof over his head were I not to detain him pretrial, nothing Blackwell presented suggests that he would behave any differently if out on bond as he has done over the last two decades. With five convictions, including one federal conviction, during this period for either drug possession or drug trafficking, Blackwell's conduct perhaps speaks for itself. He reported to the United States Pretrial Services and Probation Office that he hasn't used illegal drugs since 2005.

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

> If that is indeed so, one has to wonder why he has been convicted on such a regular basis for drug-related crimes. Furthermore, I cannot overlook Blackwell's relatively recent conviction for domestic violence. To release him to the care and custody of his fiancé, who evidently nursed him back to good health after Blackwell had suffered a gunshot wound, may only be asking for trouble. I recognize Blackwell is currently under state community control as part of a state sentence he received after having been convicted of cocaine possession. I will leave it to state authorities to determine whether Blackwell's alleged misconduct under federal law violates the terms of that supervision. That is beside the point, though. I find that the government has met its burden under federal law for Blackwell's pretrial detention by showing that no condition or combination of conditions will reasonably assure his appearance as required or reasonably assure the safety of others and the community.

(*Id*. at 3.)

On March 31, 2022, Blackwell filed the present motion for bond. Blackwell seeks bond "to enable him: a) to return to his fiancé and children; b) to better assist counsel in preparing for his case; and, c) to allow him to get physical therapy and medical care for a gunshot wound and his diabetes, which have basically gone untreated at [Northeast Ohio Correctional Center] NEOCC." (Doc. No. 122 at 2.) In conjunction with the filing of its response in opposition, the government's counsel contacted legal counsel for CoreCivic, which operates NEOCC, to request "grievance records, medical records, and commissary records" for Blackwell. (Doc. No. 125 at 4.) The Court directed the government to file any relevant institutional records by June 24, 2022 at 12:00 p.m., and the government complied with that directive. (*See* Doc. No. 157-1 (medical records from NEOCC pertaining to Blackwell).)

The NEOCC medical documents supplied by the government show that Blackwell is seen by the medical unit on a regular basis for his diabetes, regularly receives his diabetes medication, and that there is a treatment plan in place for this condition. Further, Blackwell has been seen on numerous occasions for pain associated with his gunshot wound. Medical records show that

4

Blackwell has been prescribed medication for pain associated with the injury, which he has admitted to medical personnel has helped. He was also referred for physical therapy, and he has been educated on the importance of completing low-impact exercises. (*See generally* Doc. No. 157-1; *see id*. at 9, 83–101.)

## II. DISCUSSION

It is unclear from the filing whether Blackwell is seeking review and revocation of the magistrate judge's order of detention, pursuant to 18 U.S.C. § 3145(b), or is requesting that the detention hearing be reopened under 18 U.S.C. § 3142(f). Section 3145(b) permits a defendant to seek review of a pretrial detention order of a magistrate judge. When the district court "acts on a motion to revoke or amend a magistrate judge's pretrial detention order, [it] acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Reuben*, 974 F.2d 580, 585 (5th Cir. 1992) (citation omitted). Section 3142(f) permits the reopening of the detention hearing upon new and material information. 18 U.S.C. § 3142(f). While motions to revoke under § 3145(b) are filed with the district court, motions to reopen are typically directed to the same judicial officer who conducted the initial hearing. *See United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003). In this case, the magistrate judge would be the appropriate judicial officer; yet the motion was directed to the undersigned. However, given the fact that the Court has the discretion under § 3145(a)(1) to hear additional evidence as part of its *de novo* review, the Court finds that it would be appropriate and expeditious for this judicial officer to address Blackwell's right to pretrial release under both statutes. *See, e.g., United States Baker*, No. 6:21-cr-32, 2021 WL 2744512, at *4 (E.D. Ky. July

5

1, 2021).

    A.    **18 U.S.C. § 3142(f)**

A judicial officer may reopen a detention hearing:

> at any time before trial if a judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f). New and material information for purposes of § 3142(f) "consists of something other than a defendant's own evaluation of his character or the strength of the case against him; truly changed circumstances, something unexpected, or a significant event." *United States v. Jerdine*, No. 1:08-cr-481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009) (citation omitted). The statutory provision authorizing the reopening of a detention hearing is strictly interpreted such that "hearings should not be reopened if the evidence proffered was available at the time of the hearing." *Id.* Additionally, the newly proffered information "must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. Apr. 13, 2012) (citing § 3142(f)(2)(B)).

    In his motion, Blackwell notes that he is presently "recovering from a [gunshot] wound for which he needs on-going physical therapy." (Doc. No. 122 at 2.) He appends to his motion records from a private medical facility showing that, prior to his arrest, he had been receiving physical therapy from at least January 28, 2022. (Doc. No. 122-1 at 1–2.) As the government readily concedes, a pretrial detainee has a due process right to receive "adequate medical treatment." *See Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009); *see Troutman v. Louisville*

6

*Metro Dep't of Corr.*, 979 F.3d 472, 482 (6th Cir. 2020) (similar).

While Blackwell's own motion and supporting documentation show that his medical conditions were known to him at the time of the detention hearing, the level of medical care Blackwell has received at NEOCC since the detention hearing might still qualify as new information. It does not, however, provide a basis for reopening the detention hearing because it is clear that NEOCC medical staff are addressing Blackwell's medical needs. Moreover, the remaining factors that warranted Blackwell's initial detention have not changed since the hearing. Indeed, the magistrate judge relied on nine separate bases in concluding that Blackwell had not rebutted the presumption in favor of detention. Blackwell's present motion fails to address the majority of the magistrate's findings, including the strength of the evidence against Blackwell, prior supervision violations, and his participation in criminal activity while on supervision. (Doc. No. 85 at 2–3.) And while Blackwell acknowledges that he "does have a prior criminal record[,]" he conveniently fails to mention the extent or severity. (Doc. No. 122 at 4.) Blackwell's prior criminal history began at the age of nineteen, spans more than two decades, and includes multiple drug trafficking convictions and a recent conviction for domestic violence. (Doc. No. 77 at 3–7.) The Court shares the magistrate judge's concern that Blackwell's criminal history demonstrates that he is unable to refrain from trafficking in drugs or engaging in other dangerous activity. (*See* Doc. No. 85 at 3.) Ultimately, the Court finds that Blackwell has failed to demonstrate a basis for reopening the detention hearing.

### B.     18 U.S.C. § 3145(b)

In any event, having conducted its *de novo* review, the Court independently finds that the government met its burdens of proof and established that Blackwell is both a flight risk and a

risk of danger to others and the community. His criminal activity while on supervision, lack of verifiable and legitimate employment, supervision violations, and the extent of his criminal history leaves the Court with grave concerns regarding the likelihood that Blackwell would appear in court as ordered in this case. Further, his gang activity, recent domestic violence conviction, and drug trafficking convictions, along with his willingness to continue to engage in criminal behavior on supervision, demonstrate that he is a danger to others and to the community. Additionally, the nature of the charged drug trafficking organization, and the allegations in the indictment implicating Blackwell in the activities associated with bringing large quantities of fentanyl, a dangerous drug, to the Akron area, serve to only reinforce a finding that Blackwell's release poses a danger to the community and to others. *See United States v. Stone*, 608 F.3d 939 n.6 (6th Cir. 2010) ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community.") (citing and quoting, among authority, *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("[t]he risk of continued narcotic trafficking on bail constitutes a risk to the community")).

The Court has considered Blackwell's ties to the community and to his family, as well as the fact that he has lived in the Akron area for many years. The Court has also considered Blackwell's medical conditions, and it trusts that NEOCC will continue to address these and provide Blackwell with adequate medical care. Nevertheless, the Court concludes that there are no conditions that can reasonably assure Blackwell's appearance in court and the safety of any person or the community, making pretrial release inappropriate at this time.[2]

---

[2] While Blackwell claims that he "has a stable residence with his fiancé," the Court agrees with the magistrate judge that Blackwell's 2020 domestic violence conviction calls into question whether he can reside there without endangering others. (*See* Doc. No. 122 at 3; Doc. No. 77 at 7.)

### III. CONCLUSION

For the foregoing reasons, as well as the reasons set forth in the government's response, the Court finds that the government has demonstrated by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and community. The Court also finds that the government has demonstrated by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Blackwell's appearance as required. Accordingly, Blackwell's motion for bond is DENIED.

**IT IS SO ORDERED**.

Dated: July 19, 2022

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**