**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:21-cr-736-5 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| LUCIAN BLACKWELL, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On March 3, 2023, defendant Lucian Blackwell ("Blackwell") was sentenced to a custody term of 120 months, followed by 5 years of supervised release. (Doc. No. 250 (Judgment); *see* Minutes of Proceedings [non-document], 3/3/2023.) Now before the Court is Blackwell's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 461 (Motion).) Plaintiff United States of America (the "government") filed an opposition to the motion. (Doc. No. 462 (Response).)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (citing § 3582(c)(2)).

By the present motion, Blackwell is seeking relief under Amendment 821, Part A, to the Federal Sentencing Guidelines. Part A of Amendment 821, which now appears in the guidelines at § 4A1.1(e), limits the criminal history impact of "status points," decreasing them by 1 point for individuals with 7 or more criminal history points and eliminating status points for those with 6 or fewer criminal history points. *See* U.S.S.G. § 4A1.1(e). The Amendment was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

The government opposes the motion on the ground that Blackwell is not eligible for relief under Part A. (Doc. No. 462, at 1.) Specifically, the government argues that Blackwell received the mandatory minimum sentence of 120 months for his offense, making his criminal history calculation irrelevant. (*Id*.) Additionally, the government argues that, even if Blackwell had not received a mandatory minimum sentence, the application of Part A would have no effect on the applicable advisory guideline range. Blackwell was, therefore, not subject to a term of imprisonment based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission. (*Id*.) The Court agrees with the government's position as to both arguments.

At the time of sentencing, the Court determined Blackwell's base offense level to be 32. (*See also* Doc. No. 247 (Final PSR), at 9 ¶ 47.) A three-level deduction was applied for acceptance of responsibility, making the total offense level 29. (*See also id.* at 9 ¶¶ 54–56.) Blackwell had prior convictions for conspiracy to possess with intent to distribute and to distribute cocaine, occupying a drug premises, trafficking cocaine, domestic violence, and possession of cocaine,

which collectively scored 7 criminal history points. (*See also id.* at 15–18 ¶¶ 77, 79–83.) Because Blackwell committed the instant offense while he was on probation, he received 2 additional "status points" under § 4A1.1(d). (*See also id.* at 18 ¶ 84.) With a total of 9 criminal history points, the guidelines dictated that Blackwell was a criminal history category IV. (Doc. No. 296 (Sentencing Hearing Transcript), at 14–15; *see also* Doc. No. 247, at 18 ¶ 85.) The advisory guideline range at offense level 29, criminal history category IV, was 121 to 151 months. (*See also* Doc. No. 247, at 25 ¶ 119.) The Court, nevertheless, accepted the terms of the parties' binding Fed. R. Crim. P. 11(c)(1)(C) plea agreement, and sentenced Blackwell to the statutorily minimum sentence of 120 months. (Doc. No. 251 (Statement of Reasons); Doc. No. 296, at 16; *see* Doc. No. 250; Doc. No. 223 (Plea Agreement), at 4–5 ¶ 16; *see also* Doc. No. 247, at 25 ¶ 118.)

A defendant who enters into a Rule 11(c)(1)(C) agreement is eligible for retroactive relief under § 3582(c)—so long as the guidelines range was "part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes v. United States*, 584 U.S. 675, 685, 138 S. Ct. 1765, 201 L. Ed. 2d 72 (2018). While Blackwell's Rule 11(c)(1)(C) agreement may not preclude consideration under § 3582(c), Blackwell is entitled to no relief because his applicable sentencing range has not "been lowered by the [Sentencing] Commission pursuant to 28 U.S.C. § 994(o)[.]" *See United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quotation marks and citation omitted); 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B).

Under Part A of Amendment 821, Blackwell's criminal history score is reduced by 1 to 8, which still corresponds to a criminal history category IV, and his advisory sentencing guideline range remains 121 to 151 months. Because his guideline range is undisturbed by the Amendment, he is ineligible for a reduction under Part A of Amendment 821. Even if it had the effect of

3

lowering his advisory sentencing guideline range, however, any change in the guidelines would not have disturbed the statutory mandatory minimum of 120 months that applied to Blackwell's offense, meaning his sentence could not be lowered by virtue of any change to the guidelines. *See United States v. Coats*, 530 F. App'x 553, 555 (6th Cir. 2013) ("Because the Sentencing Commission's amendments . . . have no effect on statutory minimum sentences mandated by Congress, [the defendant's] sentence was not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" (citations omitted) (quoting 18 U.S.C. § 3582(c)); *United States v. McPherson*, 629 F.3d 609, 611–12 (6th Cir. 2011) ("[The defendant]'s sentence was not based on a guidelines range that was subsequently reduced . . . .[I]t was based on the 240-month minimum sentence mandated by statute. . . . [The defendant therefore] was not eligible for a sentence reduction pursuant to § 3582(c)(2), and the district court did not err by denying [his] motion."); *see also* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence).

      Since the amended guidelines concerning status points would not have affected the calculation of Blackwell's sentence, he is, therefore, ineligible for a reduction based on Part A of Amendment 821. Further, because Blackwell is ineligible for a sentence reduction based on the Amendment, the Court does not need to proceed to the second step of evaluating whether the

factors under 18 U.S.C. § 3553(a) justify reducing the sentence.[1]

For the foregoing reasons, Blackwell's motion to reduce his sentence (Doc. No. 461) is DENIED.

**IT IS SO ORDERED**.

Dated: November 25, 2025

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court considered the sentencing factors in § 3553(a) as recently as one year ago, when it denied Blackwell compassionate release. (Doc. No. 403.) At that time, the Court noted that Blackwell's offense was serious and dangerous, as he participated in a large drug trafficking conspiracy responsible for transporting substantial quantities of dangerous drugs into the community. (*Id*. at 9.) The Court also took into consideration Blackwell's extensive criminal history that included numerous drug-related crimes, and the fact that he was on probation at the time. (*Id*. at 9–10.) While the Court also considered Blackwell's release plan and his family support, it concluded that a "reduction in sentence would undermine the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes of the defendant." (*Id*. at 10.) The Court further determined that Blackwell was a danger to the community. (*Id*.) If the Court were to revisit the § 3553(a) factors, it would find that little has changed. While the Court would consider Blackwell's prison programming (*see* Doc. No. 461-1), it would again conclude that a sentence reduction would not serve the sentencing goals and that Blackwell continues to pose a danger to the community.